No. 247 April 17, 2024 113

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ENRIQUE OMAR MEJIA,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR66537; A178613

Kathie F. Steele, Judge.

Argued and submitted March 14, 2024.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment convicting him, after a bench trial, of four counts—Count 1, first-degree arson, ORS 164.325;[1] Count 2, second-degree arson, ORS 164.315;[2] Count 3, burglary, ORS 164.215;[3] and Count 4, disorderly conduct, ORS 166.025[4]—contending that the evidence is legally insufficient for each conviction. The charges arose out of an investigation implicating defendant in a fire that destroyed part of the abandoned Mill E building at the Blue Heron Paper Mill in Oregon City. Because we determine that the evidence in the record was legally sufficient to find defendant guilty of Counts 1 through 4, we affirm.[5]

---

[1] ORS 164.325 provides, in pertinent part:

"(1) A person commits the crime of arson in the first degree if:

"(a) By starting a fire or causing an explosion, the person intentionally damages:

"* * * * *

"(B) Any property, whether the property of the person or the property of another person, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage[.]"

[2] ORS 164.315 provides, in pertinent part:

"(1) A person commits the crime of arson in the second degree if:

"(a) By starting a fire or causing an explosion, the person intentionally damages:

"(A) Any building of another that is not protected property; or

"(B) Any property of another and the damages to the property exceed $750[.]"

[3] ORS 164.215(1) provides:

"[A] person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

[4] ORS 166.025 provides, in pertinent part:

"(1) A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"* * * * *

"(f) Creates a hazardous or physically offensive condition by any act which the person is not licensed or privileged to do."

[5] We note that the state contends that defendant did not preserve a challenge to the legal sufficiency of the state's evidence, because defendant never explicitly moved for a judgment of acquittal or argued explicitly that the evidence was legally insufficient. "[I]n a bench trial, as long as defendant clearly raises the issue of the legal sufficiency of the evidence at trial in closing argument, we will treat that argument as a preserved motion for judgment of acquittal." *State v. Hedgpeth*, 290 Or App 399, 402 n 4, 415 P3d 1080 (2018), *aff'd*, 365 Or

In his first through fourth assignments of error, defendant contends that the trial court erred when it failed to acquit him on Counts 1 through 4, because the evidence was legally insufficient for a rational trier of fact to find beyond a reasonable doubt: (1) that defendant started the fire; and (2) that, in doing so, defendant intended to damage property.[6] We have reviewed the record, "examining the evidence in the light most favorable to the state[,]" and determine that the "circumstantial evidence and reasonable inferences flowing from that evidence" are sufficient for a trier of fact to find "the essential element[s] of the crime[s] beyond a reasonable doubt." *State v. Hedgpeth*, 290 Or App 399, 403, 415 P3d 1080 (2018), *aff'd*, 365 Or 724, 452 P3d 948 (2019) (internal quotation marks omitted); *see also State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995) (setting forth the standard of review); *State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004) (stating that the state may rely on circumstantial evidence to prove an element of a crime).

In particular, we note evidence that the fire was started intentionally, likely from multiple locations inside the Mill E building; that defendant's appearance matched an eyewitness's description of a person seen inside that building; that defendant was the only person found on the property at the time of the fire; that another person likely could not have escaped the property without detection; and that defendant carried fire-starting implements. A trier of fact could reasonably infer from that evidence both that defendant started the fire and that he intended to damage property when he did so. We therefore conclude that the trial

---

724, 452 P3d 948 (2019) (internal quotation marks omitted). The question is whether defense counsel's statement during closing argument that "the State [had] not proven beyond a reasonable doubt" the key elements of the charged offenses clearly raised a challenge to the legal sufficiency of the state's evidence. Assuming without deciding that defendant's arguments regarding legal sufficiency are preserved, we conclude that they fail on the merits.

[6] On Counts 1 through 4, the state needed to present evidence sufficient to allow a factfinder to find beyond a reasonable doubt that defendant was the person who started the fire. *See* ORS 164.325(1)(a)(B); ORS 164.315(1)(a); ORS 164.215; ORS 166.025(1)(f). On Counts 1 through 3, the state needed to present evidence sufficient to allow a factfinder to find beyond a reasonable doubt that, in starting the fire, defendant intended to cause damage to the property of another. *See* ORS 164.325(1)(a)(B); ORS 164.315(1)(a); ORS 164.215.

court did not err in rejecting defendant's contention that the
evidence was legally insufficient.

Affirmed.